**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **LESLIE WAYNE DOKES,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
| v. | )    **CIV-05-1404-R** |
| | ) |
| **JOSEPH SCIBANA, Warden,** | ) |
| | ) |
|     **Respondent.** | ) |

**O R D E R**

Before the Court are the Report and Recommendation of United States Magistrate Judge Valerie K. Couch entered May 12, 2006 and Petitioner's Objection to the Magistrate Judge's Report and Recommendation filed May 25, 2006. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews *de novo* the Report and Recommendation in light of Petitioner's Objection.

Petitioner first implies that he was denied due process in the disciplinary proceedings because he was not given the opportunity to confront and cross-examine witnesses adverse to him. However, in *Wolff v. McDonnell*, 418 U.S. 539, 568, 94 S.Ct. 2963, 41 L.Ed.2d 935, 958 (1974), the United States Supreme Court held that "the Constitution should not be read to impose the procedure [of confrontation and cross-examination in prison disciplinary proceedings] at the present time and that adequate bases for decision in prison disciplinary cases can be arrived at without cross-examination." *See Diaz v. McGuire*, 154 Fed. Appx.

81, 84 (10th Cir. Nov. 14, 2005) (No. 05-3149); *Caserta v. Kaiser*, 232 F.3d 900, 2000 WL 1616248 at *2 (10th Cir. Oct. 30, 2000) (No. 00-6108).

 Petitioner has not provided the Court with copies of the witness statements he claims contradicted the reporting officer's statement. Upon this Court's *de novo* review of the entire record before it, the Court finds that there was some evidence to support Petitioner's conviction. Moreover, Petitioner's claim that Mr. Henson's incident report and statement are false or fabricated is belied by the statements of witnesses Jason Reid and Kristen Parker.

 Petitioner apparently did not raise the issue of the BOP Policy on the procedure for urine surveillance at the time of the disciplinary proceedings so his argument that the imposition of discipline for his failure to provide a urine sample before two hours had passed is in violation of the BOP Policy is not properly before the Court. However, when Petitioner left the CCC lobby to go upstairs, particularly after Mr. Henson had told him to sit on the bench until he could urinate and then that if Petitioner left the lobby area it would be construed as a refusal to provide a urine sample, Petitioner's conduct could reasonably be treated as a direct and specific refusal of an inmate to provide a urine sample, for which, under the BOP Policy on which Petitioner reliefs, "[n]o waiting period or extra time need be allowed . . . ."

 In accordance with the foregoing the Court finds that Petitioner's Objection to the Report and Recommendation [Doc. No. 17] is without merit; the Court ADOPTS the Report and Recommendation [Doc. No. 16] in its entirety; and the Court DENIES the petition herein for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**It is so ordered this 10th day of July, 2006.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE